# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed May 23, 1900.

THE WILLIAM SKINNER & SONS' SHIP BUILDING AND DRY DOCK COMPANY OF BALTIMORE CITY.

VS.

CAROLINE S. HOUGHTON, ET AL.

*Geo. Weems Williams* for plaintiff.

*Jno. P. Poe & Sons, Alfred J. Carr, Walter W. Parker, Frank Gosnell* and *James W. McElroy* for defendants.

STOCKBRIDGE, J.—

Upon the 18th of February, 1899, Caroline S. Houghton, being the owner of a certain lot of ground and improvements in this city, which improvements were insured in eight different companies for varying amounts, entered into a contract of sale of the property with Charles E. Savage for a consideration of $50,000, and the sum of $200 was paid at the time of the signing of the agreement. On the 14th of April in the same year, Mr. Savage assigned all his rights under the contract to the

William Skinner & Sons' Ship Building and Dry Dock Company, the plaintiff corporation. Mrs. Houghton was duly notified of this assignment on the following day, April 15th, and assented to it, and on the same day the plaintiff notified Mrs. Houghton that it elected to avail itself of the option contained in the contract between Mrs. Houghton and Savage, and which had been assigned to it.

While the title was under course of examination and before any further purchase money had been paid to the vendor, on the 11th of May the improvements on the property in question were destroyed by fire, and thereafter on the 27th of June, 1899, the plaintiff company paid the balance of the purchase money of $50,000, and received a conveyance of the property. The parties, vendor and vendee, however, upon this date entered into an agreement that the payment of the purchase money and the delivery and acceptance of the deed, should not in any manner operate to affect any right that the vendee might have to claim and receive the money arising from the insurance policies which had been placed by Mrs. Houghton upon the property, and in which she was named as the insured.

Thereafter, on the 23rd of September, the bill in this case was filed by the vendee against the vendor and the several underwriters, for the purpose of having the proceeds of the insurance declared to equitably belong to the plaintiff corporation and to enjoin the several companies from making payment thereof to Mrs. Houghton, and that they might be required to pay the money to the plaintiff as the equitable owner.

To this bill the parties have answered two of the companies, the Merchants and Manufacturers' Fire Insurance Company of Baltimore and the German-American Insurance Company of New York, denying all liability. The other companies have admitted their liability, and several of them have filed separate bills of interpleader in this Court.

The first question which arises to be disposed of is an objection to evidence. The president of the company was on cross-examination asked certain questions designed to show that after the acceptance of the option on 15th of April, and before the fire, on one or more occasions an offer was made to the vendor, through her son and agent, to transfer to the vendee the insurance which the vendor then had upon the property, and that the same was declined by the plaintiff; and in behalf of the defendant, substantive evidence was offered by the witness, Ira Houghton, to the facts above mentioned, and the further fact that when such offer of transfer was made, the president of the plaintiff told him to cancel the insurance because his company would not need it; that it was the purpose of the plaintiff to demolish the buildings upon the property and remove the wharf, in order to adapt it to the plaintiff's purposes, and that this had since been done. The testimony was, when offered, admitted subject to exception, the objection to it being that the tendency or effect of it was to vary the contract between the parties, vendor and vendee. The Court does not, however, regard the testimony in that light, or that its offer was for the purpose, or could in any way have the effect of altering the obligations of the parties as they existed under the contract. The bill is filed upon the theory of equitable, not legal, rights existing in the plaintiff, and this evidence seems to the Court to be directed, and to be directed solely to the respective equities of the parties under the contract which had already been entered into. The exception to this testimony and the motion to strike it out will therefore be overruled.

There are two questions presented to the Court for determination: 1. Whether the plaintiff is entitled in equity to the insurance money, either from the companies, or from them, through Mrs. Houghton, the insured vendor? 2. Can the companies which deny liability upon the policies issued by them be required to pay any sum upon the said policies, either to Mrs. Houghton or to the plaintiff?

Upon the first branch of the case there are certain legal propositions perfectly manifest. These are (1) that the plaintiff can not maintain an action at law upon these policies; that can only be done, if by any one, by Mrs. Houghton.

(2) That the contract of insurance is one for personal indemnity, as between the insurer and the insured, and that it does not pass with the

land in the absence of formal assignment assented to by the insurer, or at least the intention of the parties to the proposed sale that it, or the benefit to accrue from it, shall so pass.

Carpenter vs. Providence Washington Ins. Co., 16 Pet. 496.

The City of Norwich, 118 U. S. 494.

Heller vs. Marine Bank, 89 Md. 621.

Castellaine vs. Preston, 11 Q. B. Div. 380.

Wilson vs. Hill, 3 Met. (Mass.) 66.

Now it is not claimed that there was ever any assignment at any time of these policies, or any of them. On the contrary it clearly appears that the plaintiff declined to take any transfer of the insurance, and told the representative of Mrs. Houghton to cancel it. How then can the plaintiff claim a benefit arising from that which it refused to accept?

The claim is that the acceptance of the option upon the property by the plaintiff constituted the Skinner Company the equitable owner, and that Mrs. Houghton became from that time a mere trustee for its benefit. It is true that many cases designate the rights and relations of parties situated as were the parties to this suit by these terms. But as to what does the vendor become trustee? Certainly not as to lands other than those mentioned in the contract of sale. The vendor is, in a limited sense, a trustee, limited in this, that he or she becomes a trustee as to the vendee for the property mentioned in the contract of sale, and any and all rights, benefits and liabilities appurtenant to or necessarily connected with the use and enjoyment mentioned in the contract, but not as to any other rights or properties.

Rayner vs. Preston, 18 Ch. Div. 1.

The correctness of the foregoing statement is shown in this. The vendor is under no obligation to insure the property for the benefit of his vendee; he commits no breach of contract or of trust if he fails to so insure, or permits existing insurance to lapse; and the destruction of the property by fire affords no ground upon which the vendee can avoid his obligation to take and pay for the property.

Brown vs. Herbert, 30 Md. 307.

Paine vs. Miller, 6 Vesey Jr. 349.

The contract of insurance, as has already been said, is a contract of personal indemnity, not one passing with the land, and therefore as to that the vendor is not and can not be a trustee, unless the insurance is specifically mentioned in the contract. That, as has been seen, was not so in this case, and therefore the plaintiff can not maintain its position. The cases of the State Mutual Fire Ins. Co. vs. Updegraff, 21 Pa. St. 513, Reed vs. Lukins, 44 Pa. St. 200, and dicta in some other cases, including Brewer vs. Herbert, 30 Md. 307, are supposed to be in opposition to this view. But with respect to these it is to be said, that in the first the insurance was not placed until *after* the contract of sale had been made, and the Court found evidence to show that it had been the intention of the parties that the interests of both vendor and vendee should be protected by the insurance; in the second, the intent of the parties was shown by an assignment of the policy, and in most, if not all of the other cases, the point was not one in issue, and the dicta of the Court in Brown vs. Herbert, supra, can not control as against the express language of the Court in Heller vs. Marine Bank, 89 Md. 621.

It follows that the plaintiff cannot be awarded the relief sought in this case, and inasmuch as no decree could be entered in the present proceedings determining the rights of the parties as between Mrs. Houghton and the contesting insurance companies, any expression with regard to those rights would be mere dicta, and idle, and therefore all discussion of this branch of the case, although it was very fully and ably argued, would be superfluous.

The bill will be dismissed with costs.